John F. Hyland (SBN 178875)
*jhyland@rukinhyland.com*
RUKIN HYLAND & RIGGIN LLP
1939 Harrison Street, Suite 925
Oakland, California 94612
Telephone: (415) 421-1800
Facsimile: (415) 421-1700

Attorney for Defendant
Foley Family Wines, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IGNACIO GONZALEZ, an individual, <br><br> Plaintiff, <br><br> v. <br><br> FOLEY FAMILY WINES, INC., a Delaware Corporation, <br><br> Defendant. | Case No. <br><br> **DEFENDANT FOLEY FAMILY WINES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT ON THE BASIS OF DIVERSITY JURISDICTION** <br><br> 28 U.S.C. §§ 1332, 1441, 1446 |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF IGNACIO GONZALEZ AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Defendant Foley Family Wines ("FF Wines") hereby removes the above-entitled action from the Superior Court of California, County of Napa (the "State Court Action"), to the United States District Court for the Northern District of California. Defendant bases this Notice of Removal ("Notice") on 28 U.S.C. sections 1332, 1441, and 1446, and more specifically the following:

## I. STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action under the diversity of citizenship statute. 28 U.S.C. § 1332(a). Section 1332 grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute involves citizens of different states. This case meets the requirements of Section 1332 for removal and FF Wines hereby timely and properly removes the State Court Action from the California superior court to this Court through the filing of this Notice.

## II. VENUE

2. Venue properly lies with the United States District Court for the Northern District of California as the district embracing the location of the pending action. *See* 28 U.S.C. §§ 84(a), 1391, and 1441(a). Plaintiff Gonzalez filed the State Court Action in the Superior Court, County of Napa and Plaintiff alleges that a significant portion of the events on which he bases his claims arose in Napa County. (Complaint, ¶ 3 (attached as Exhibit A to the accompanying Declaration of John F. Hyland in Support of Removal (the "Hyland Decl.")).) Plaintiff further alleges that he resides in Napa, California. (Complaint, ¶ 2.)

3. Assignment to the San Francisco Division of the United States District Court for the Northern District is proper pursuant to Rule 3-2 (d) of the Northern District of California Local Rules because Plaintiff filed the State Court Action in Napa County Superior Court and alleges both that he resides in Napa County and that a significant portion of the

events on which he bases his claims occurred in Napa County.  (Complaint, ¶¶ 2, 3.)

### III.     PLEADINGS, PROCESS AND ORDERS

4. On October 13, 2023 Plaintiff filed a complaint in the Superior Court for the County of Napa entitled *Ignacio Gonzalez v. Foley Family Wines, Inc., a Delaware Corporation*, Case No. 23CV001301.  Plaintiff asserts the following causes of action against FF Wines: (1) unpaid wages and overtime; (2) failure to provide meal periods; (3) failure to provide rest periods; (4) failure to provide accurate wage statements; (5) waiting time penalty for nonpayment of wages; and (6) violation of Business and Professions Code § 17200.

5. Plaintiff seeks to recover through the causes of action asserted in the Complaint compensatory damages, general and special damages, statutory damages and penalties, temporary, preliminary, and permanent injunction, attorneys' fees and costs of suit, liquidated damages, pre-judgment interest on any damages and other unspecified legal and equitable relief.  (Complaint, 7:24-8:5.)  Plaintiff seeks damages in an amount no less than $500,000.  (Complaint, ¶ 1.)

6. Plaintiff served Defendant FF Wines on October 23, 2023.  (Hyland Decl., ¶ 4.)

7. Defendant FF Wines filed its answer to the Complaint on November 9, 2023, and served the answer on November 9, 2023.  (Hyland Decl., ¶ 4, Exhibit B.)

8. Since Plaintiff has not named or served any of the DOE defendants, they need not join or consent to Defendants' notice of removal.  28 U.S.C. § 1441(b)("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); *e.g.*, *Vargas v. Riley*, 2018 WL 2267731 *2 (N.D. Cal. May 17, 2018))(a party not yet served at the time of removal need not join in the removal).

9. Plaintiff has not served on FF Wines any documents or pleadings other than the summons and complaint in the State Court Action.  (Hyland Decl., ¶ 3.)

10. Pursuant to 28 U.S.C. section 1446(a)*,* FF Wines submits as Exhibit A to the Hyland Declaration all process and pleadings served on FF Wines as of the date of this removal.

### IV. TIMELINESS OF REMOVAL

11. FF Wines timely filed this Notice under 28 U.S.C. section 1446(b)(3) as it has filed within 30 days of the date of its receipt of the summons and complaint.

### V. DIVERSITY JURISDICTION EXISTS AS TO PLAINTIFF'S CLAIMS

12. Diversity jurisdiction exists where the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and involves a dispute between citizens of different States. 28 U.S.C. § 1332(a)(1). Where diversity jurisdiction exists, a defendant may remove a state court action to the United States District Court. 28 U.S.C. § 1441(a), (b).

#### A. Plaintiff Is A Citizen Of California.

13. For purposes of diversity jurisdiction, a person is a "citizen" of the state in which he is domiciled. *See, e.g., Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *see also LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001) (citizenship determined at the time the lawsuit is filed). A person's domicile is the place he resides with the intention to remain or to which he intends to return. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

14. At the time Plaintiff commenced this action and at the time of removal he was a citizen of California, residing in Napa, California. (Complaint at ¶ 2.)

#### B. Defendant Allied Is A Citizen Of Delaware.

15. For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

16. Defendant Foley Family Wines, Inc. is a Delaware corporation incorporated under the laws of that state and with its principal place of business in Las Vegas, Nevada. (Hyland Decl., ¶ 2.)

#### C. The Amount In Controversy In This Case Exceeds $75,000.

17. Plaintiff alleges in the Complaint that he "seeks damages in an amount no less than $500,000.00" (Complaint, ¶ 1) and the amount in controversy therefore exceeds the jurisdictional minimum for diversity jurisdiction.

18. Given the above facts, this Court has original jurisdiction over Plaintiff's claims based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

## VI. NOTICE TO PLAINTIFF AND STATE COURT

19. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of California, FF Wines will provide written notice of such filing to Plaintiff's counsel of record and will thereafter file a copy of the Notice of Removal with the Clerk of the Napa County Superior Court.

WHEREFORE, Defendant FF Wines respectfully requests that this Court retain jurisdiction of this matter for all further proceedings.

Dated: November 13, 2023         Rukin Hyland & Riggin LLP

                        By:     */s/ John F. Hyland*
                                John F. Hyland

                            Attorney for Defendant
                            Foley Family Wines, Inc.