# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FOLEY FAMILY WINES, INC., a Delaware Corporation

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
IGNACIO GONZALEZ, an individual

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

FILED
10/13/2023 4:22 PM
Clerk of the Napa Superior Cou
By: Lori Walker, Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Historic Courthouse
Superior Court of the State of California, County of Napa
825 Brown Street, Napa, California 94559

**CASE NUMBER:**
*(Número del Caso):* 23CV001301

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Matthew A. Haulk, Jose M. Herrera, Haulk & Herrera, LLP, 100 Pine St., Ste. 1250, San Francisco, CA 94111, (415) 745-3249

DATE: 10/13/2023          Clerk, by  Lori Walker / Robert E. Fleshman  , Deputy
*(Fecha)*                 *(Secretario)*                               *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* FOLEY FAMILY WINES, INC., a Delaware Corporation

   under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 10/23/23

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

FILED
10/13/2023 4:22 PM
Clerk of the Napa Superior Court
By: Lori Walker, Deputy

Matthew A. Haulk (SBN 272457)
  Email: mhaulk@hhemploymentlaw.com
Jose M. Herrera (SBN 289590)
  Email: jherrera@hhemploymentlaw.com
HAULK & HERRERA LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone:  (415) 745-3219
Facsimile:   (415) 745-3301

Attorneys for Plaintiff
IGNACIO GONZALEZ

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF NAPA – HISTORIC COURTHOUSE

| | |
|---|---|
| IGNACIO GONZALEZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>FOLEY FAMILY WINES, INC., a Delaware Corporation,<br><br>Defendant. | CASE NO.: 23CV001301<br><br>**COMPLAINT FOR:**<br><br>1. **UNPAID WAGES AND OVERTIME**<br>2. **FAILURE TO PROVIDE MEAL PERIODS**<br>3. **FAILURE TO PROVIDE REST PERIODS**<br>4. **FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**<br>5. **WAITING TIME PENALTY FOR NONPAYMENT OF WAGES**<br>6. **VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200**<br><br>**DEMAND FOR TRIAL BY JURY**<br><br>[UNLIMITED CIVIL JURISDICTION] |

## INTRODUCTION

1.  Plaintiff Ignacio Gonzalez, ("Plaintiff") brings this action against Defendant Foley Family Wines, Inc. ("Defendant" or "Foley Wines") for wage and hour violations, and for civil penalties based on violations of the Labor Code Private Attorney General Act ("PAGA"). Plaintiff brings this action for compensatory damages, and attorney's fees and costs. Plaintiff seeks damages in an amount no less than $500,000 and in an exact amount

to be shown at the time of trial.

## PARTIES

2. Plaintiff is a natural person and is domiciled in Napa County, California. Plaintiff was hired and employed by Defendant as a Cellar Master from approximately April 2017 to August 2023.

3. Defendant is organized under the laws of Delaware, and at all relevant times herein, Defendant was doing business in Napa County, California. A significant portion of the events giving rise to Plaintiff's claims herein occurred in Napa County, California.

## FACTUAL ALLEGATIONS

4. In April 2017, Foley Wines hired Mr. Gonzalez as a Cellar Master, and classified him as an "exempt" employee. Mr. Gonzalez generally worked in excess of 60 hours per week and was never compensated for overtime hours worked.

5. Mr. Gonzalez was never compensated at a premium hourly rate for his overtime hours because, throughout his employment, Foley Wines misclassified Mr. Gonzalez as an "exempt" employee.

6. Notwithstanding his job classification, Mr. Gonzalez did not spend the majority of his time (or even a significant portion of his time) managing employees or exercising discretion and independent judgment.

7. A majority of Mr. Gonzalez's worktime was spent on administrative and clerical tasks, including but not limited to the following:

- Time sheet approvals for five full time employees and twelve temporary employees;
- Employee onboarding;
- Schedule trucks for shipping and receiving of bulk wine and empty barrels;
- Barrel inventory to prepare Bills of Landing for barrel shipping
- Prepare overtime reports;
- Order all cellar and bottling supplies;
- Assist with completion of paperwork for hazard analysis and critical control points certification;
- Obtain quotes from vendors;
- Conduct safety orientations/trainings for all new hires and employees
- Conduct certification for all forklift drivers employed at five wineries owned by Defendants;

- Maintain bottling and cellar supplies and equipment inventories as necessary for operations, including cross-check of all orders and preparation of inventory reports;
- Prepare all case end labels for the bottling department on a daily basis;
- Prepare and print all pallet tags for the bottling department on a daily basis;
- Prepare and print daily case production sheets;
- Prepare bottling reports and transmit to bottling manager on a daily basis;
- Track all wine movements and barrels daily; data entry into cellar matrix sheet.

8. Due to his "exempt" status and the work demands imposed by Defendants, Mr. Gonzalez was effectively constrained from taking legally mandated meal and rest breaks. Yet, he was never provided premium pay for such missed and/or delayed breaks.

9. In or around July 2023, Mr. Gonzalez raised concerns with his supervisor, Alison Crary (Winemaker) regarding personnel shortage and the excessive workload imposed by Defendants. During this conversation, Mr. Gonzalez also disclosed that the working conditions had not only caused him severe anxiety and stress but had also resulted in a severe rash that necessitated medical attention. In light of these challenges, Mr. Gonzalez requested a reasonable accommodation – a transfer to an available position as Operations Cellar Operator, which was one level below his current role as Cellar Master. Rather than consider this accommodation and engage in the interactive process with Mr. Gonzalez, Mr. Crary instead terminated Mr. Gonzalez's employment four weeks thereafter. Importantly, Mr. Gonzalez never received a negative performance review during his term of employment with Defendants. Indeed, just a few weeks prior to disclosing his disability and requesting an accommodation, Mr. Gonzalez received a positive mid-2023 review from Ms. Crary. Nonetheless, he was terminated following his request for an accommodation.

## PAGA ALLEGATIONS

10. On or around the date of the filing of this Complaint, Plaintiff filed a claim with the California Labor and Workforce Development Agency (hereafter, "LWDA") and provided a copy by certified mail to Defendants. Plaintiff will amend this complaint following the statutory period for the LWDA to respond to Plaintiff's PAGA notice.

///

///

## FIRST CAUSE OF ACTION
## UNPAID WAGES AND OVERTIME
### (Against All Defendants)

11. Plaintiff realleges and incorporates by reference paragraphs 1 through 17 as if they were fully set forth herein.

12. Under Labor Code §§ 204, 215, 216, 218.5, 510, 1194, 1194.2, 1197, 1199, and the applicable IWC Wage Order, it is unlawful for an employer to suffer or permit an employee to work without paying wages for all hours worked. "Hours worked" is defined to include the time an employee is suffered or permitted to work, whether or not required to do so. At all relevant times, Defendant has regularly and consistently maintained policies and practices of refusing to pay Plaintiff for all hours worked.

13. **Unpaid Wages**: California law generally requires employers to pay overtime compensation to all non-exempt employees for all hours worked over eight (8) per day or over forty (40) per week. Plaintiff was a non-exempt employee entitled to overtime compensation for all overtime hours worked. During Plaintiff's employment, Defendant failed to pay Plaintiff for all hours worked, including his overtime hours.

14. **Liquidated Damages**: The Fair Labor Standards Act ("FLSA") provides Plaintiff with the right to liquidated damages against Defendant. *See* 29 U.S.C. 216(b). Defendant owes Plaintiff liquidated damages under the FLSA.

15. **Waiting Time Penalties**: Wages earned by an employee but unpaid when the employer discharges the employee are due and payable immediately. Labor Code § 201. Labor Code 203 imposes a penalty of up to 30 days of pay for the employer's willful failure to pay wages due to a discharged employee. At the time of discharge, Defendant failed to pay Plaintiff all wages owed and he is therefore owed waiting time penalties.

16. As a direct and proximate result of Defendant's conduct, as set forth herein, Plaintiff has sustained damages and been deprived of wages and overtime compensation that are owed in amounts to be proven at trial. Plaintiff is entitled to recovery of such amounts, plus interest, liquidated damages, and attorneys' fees and costs.

///

## SECOND CAUSE OF ACTION
## FAILURE TO PROVIDE MEAL PERIODS
### (Against All Defendants)

17. Plaintiff realleges and incorporates by reference paragraphs 1 through 23 as if they were set forth again herein.

18. California Labor Code § 512 provides, in pertinent part, as follows: "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and the employee".

19. Pursuant to Defendant's policies, the demands of his duties, and his misclassification status, Plaintiff routinely was required to, and did, forego the meal periods required to be provided to him. By failing to provide Plaintiff with these meal periods, Defendant violated California Labor Code sections 512 and 226.7, as well as applicable provisions of the IWC Wage Orders. As a result of the unlawful acts of Defendant set forth herein, Plaintiff is entitled to one additional hour of premium pay for each missed meal period.

## THIRD CAUSE OF ACTION
## FAILURE TO PROVIDE REST PERIODS
### (Against All Defendants)

20. Plaintiff realleges and incorporates by reference paragraphs 1 through 26 as if they were set forth again herein.

21. The Wage Orders authorize employees to take paid rest periods based on the total hours worked daily at the rate of ten minutes rest per four hours or major fraction thereof. Cal. Labor Code § 226.7(a) provides: "No employer shall require an employee to work during any . . . rest period mandated by an applicable order of the Industrial Welfare Commission."

22. Pursuant to Defendant's policies, the demands of his duties, and his misclassification status, Plaintiff routinely was required to skip, and consequently missed, the rest periods required to be made available to her. By requiring and permitting Plaintiff

to miss these rest periods, Defendant violated the Wage Orders and California Labor Code section 226.7. As a result of the unlawful acts of Defendant set forth herein, Plaintiff is entitled to additional premium pay for each missed rest period.

## FOURTH CAUSE OF ACTION
## FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS
### (Against All Defendants)

23. Plaintiff realleges and incorporates by reference paragraphs 1 through 29 as if they were set forth again herein.

24. Defendant knowingly and intentionally failed to provide timely, accurate, itemized wage statements showing, *inter alia*, hours worked, to Plaintiff in accordance with Cal. Lab. Code §226(a) and the applicable Wage Order. Such failure caused injury to Plaintiff by, among other things, impeding his from knowing the amount of wages to which he is and was legally entitled. At all times relevant herein, Defendant has failed to maintain records of hours worked by Plaintiff as required under Labor. Code §1174(d).

25. Prior to the completion of discovery, and to the best of Plaintiff's knowledge at the time of filing this Complaint, Plaintiff's good faith estimate of the number of pay periods in which Defendant failed to provide accurate itemized wage statements to his in each and every pay period during his employment. Plaintiff seeks the amount provided under Cal. Lab. Code §226(e), including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurred and one hundred dollars ($100) for each violation in a subsequent pay period.

## FIFTH CAUSE OF ACTION
## WAITING-TIME PENALTY FOR NONPAYMENT OF WAGES
### (Against All Defendants)

26. Plaintiff incorporates by reference all other paragraphs of this Complaint as if they were re-alleged and set forth herein.

27. Plaintiff separated from employment with Defendants as further alleged herein. Upon separation, and within the statutorily required timeline, Defendants willfully failed to pay Plaintiff all wages when due.

28. Plaintiff seeks waiting time penalties as authorized by law, including Labor

Code sections 203 and 218.

## SIXTH CAUSE OF ACTION
## VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200
### (Against All Defendants)

29. Plaintiff incorporates by reference all other paragraphs of this Complaint as if they were re-alleged and set forth herein.

30. Defendants' violations of the Labor Code and other laws and regulations as alleged by this Complaint, and other wrongful, tortious and illegal acts and omissions, all constitute unfair business practices in violation of the Unfair Competition Law, Business and Professions Code § 17200 et seq.

31. As a result of Defendants' unfair business practices, Defendants have reaped unfair benefits and illegal profits at the expense of Plaintiff and members of the public. Defendants' utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over Defendants' competition. Defendants should be made to disgorge the ill-gotten gains and restore such monies to Plaintiff.

32. Defendants' unfair business practices entitles Plaintiff to seek preliminary and permanent injunctive relief, including but not limited to orders that Defendants account for, disgorge and restore to Plaintiff any compensation unlawfully withheld from Plaintiff, and for which Defendants were unjustly enriched.

## DEMAND FOR TRIAL BY JURY

33. Plaintiff hereby demands trial by jury against Defendants of his claims against Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages in an amount to be proven at trial;
2. General and special damages, in an amount to be proven at trial;
3. For statutory damages and penalties, including but not limited to, all penalties authorized under PAGA;
4. For temporary, preliminary, and permanent injunction;

5. Attorney's fees and costs of suit;

6. For liquidated damages as provided by law, including but not limited to, under the Fair Labor Standards Act ("FLSA");

7. Pre-judgment interest on any damages or other amounts deemed payable;

8. Other or further relief as the Court deems just and proper;

Dated: October 13, 2023                          HAULK & HERRERA LLP

By: _____
Matthew A. Haulk, Esq.
Jose M. Herrera, Esq.
Attorneys for Plaintiff
IGNACIO GONZALEZ

8
COMPLAINT FOR DAMAGES