# EXHIBIT B

```
                                                    FILED
                                                    11/9/2023 11:14 AM
1    RUKIN HYLAND & RIGGIN LLP                      Clerk of the Napa Superior Court
     John F. Hyland (SBN 178875)                    By: Lori Walker, Deputy
2    jhyland@rukinhyland.com
     1939 Harrison Street, Suite 925
3    Oakland, California 94612
4    Tel: (415) 421-1800
     Fax: (415) 421-1700
5
     Attorney for Defendant
6    FOLEY FAMILY WINES, INC.
```

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF NAPA

| | |
|---|---|
| IGNACIO GONZALEZ, an individual, | Case No. 23CV001301 |
| Plaintiff, | **ANSWER OF DEFENDANT FOLEY FAMILY WINES, INC. TO PLAINTIFF'S UNVERIFIED COMPLAINT** |
| -vs.- | |
| FOLEY FAMILY WINES, INC., a Delaware Corporation, | Judge: Hon. Cynthia P. Smith |
| Defendant. | Action Filed: October 13, 2023<br>Trial Date:    None Set |

Defendant Foley Family Wines, Inc. ("FF Wines"), hereby answers and pleads in response to the complaint filed by Plaintiff Ignacio Gonzalez, on his own behalf (the "Complaint"), as follows:

1. Pursuant to California Code of Civil Procedure section 431.30(d), FF Wines generally and specifically denies each and every allegation in the Complaint.

2. FF Wines generally and specifically denies that Plaintiff has any claims for or entitlement to the requested relief and further denies that he has suffered or will suffer any damage, loss, or injury, by reason of any act or omission by FF Wines.

3. Without admitting any of the facts alleged in the Complaint or assuming the burden of persuasion as to any affirmative defense set forth herein, FF Wines also pleads the following separate and affirmative defenses to the Complaint:

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint, and each purported cause of action asserted in the Complaint, fails in whole or in part to state facts sufficient to constitute any claim against.

### SECOND AFFIRMATIVE DEFENSE

2. The applicable statute(s) of limitation bar Plaintiff's claims in whole or in part.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's failure to exhaust available and necessary internal and/or administrative remedies bar his claims in whole or in part.

### FOURTH AFFIRMATIVE DEFENSE

4. The doctrine of avoidable consequences bars in whole or in part the Complaint and each purported claim asserted therein to the extent that Plaintiff could have corrected any alleged errors in wage payments or alleged failure(s) to timely provide meal periods and/or rest breaks by reporting those alleged issues so that FF Wines could promptly correct such issues, but Plaintiff failed to do so.

**FIFTH AFFIRMATIVE DEFENSE**

5. Plaintiff's claims for alleged failure to provide meal periods and rest breaks in accordance with California law fails to the extent that FF Wines timely provided Plaintiff a full and fair opportunity to take meal periods and rest breaks and Plaintiff elected not to timely take all meal periods and rest breaks provided.

**SIXTH AFFIRMATIVE DEFENSE**

6. To the extent that FF Wines failed to timely pay Plaintiff any amounts purportedly owed there existed a good faith dispute about the obligation to make such payment(s) and such dispute precludes the award of penalties.

**SEVENTH AFFIRMATIVE DEFENSE**

7. The doctrine of consent bars Plaintiff's claims in whole or in part.

**EIGHTH AFFIRMATIVE DEFENSE**

8. The doctrine of laches bars Plaintiff's claims in whole or in part.

**NINTH AFFIRMATIVE DEFENSE**

9. Plaintiff has waived in whole or in part any right to any recovery through the purported claims asserted in the Complaint.

**TENTH AFFIRMATIVE DEFENSE**

10. The doctrine of estoppel bars Plaintiff's claims in whole or in part.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. The doctrine of unclean hands bars Plaintiff's claims in whole or in part.

**TWELTH AFFIRMATIVE DEFENSE**

12. Plaintiff has failed to mitigate or reasonably attempt to mitigate his damages, if any, as required by law.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. Plaintiff should not recover any punitive damages, and the Court should strike any allegations in support of a claim for punitive damages, because California's laws regarding the acts and omissions alleged are too vague to permit the imposition of punitive damages, and because any award of punitive damages in this action would violate FF Wines' constitutional rights under the

due process clauses of Article 1 of the California Constitution, the Fifth and Fourteenth Amendments to the United States Constitution, and the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment to the United States Constitution, as well as other provisions of the United States Constitution and California Constitution.

**PRAYER**

WHEREFORE, FF Wines prays for judgment as follows:

1. That Plaintiff take nothing by way of his Complaint;
2. That the Court dismiss the Complaint in its entirety and with prejudice;
3. That the Court award FF Wines attorneys' fees and costs incurred in defending this case; and
4. That the Court award FF Wines such other and further relief as the Court deems just and proper.

Dated:  November 9, 2023

Rukin Hyland & Riggin LLP

By: _____
John F. Hyland

Attorney for Defendant
Foley Family Wines, Inc.